United States Court of Appeals
For the Eighth Circuit
_____

No. 13-1176
_____

United States of America

*Plaintiff - Appellee*

v.

Dennys Rodriguez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: July 10, 2015
Filed: September 3, 2015
_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

In United States v. Rodriguez, 741 F.3d 905 (8th Cir. 2014), we affirmed the district court's[1] denial of Dennys Rodriguez's motion to suppress evidence.

---

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, adopting the Findings and Recommendation of the Honorable F.A. Gossett, III, United States Magistrate Judge for the District of Nebraska.

Rodriguez filed a petition for certiorari. The Supreme Court granted Rodriguez's petition for certiorari, vacated our judgment, and remanded the case to us for further consideration. Rodriguez v. United States, 135 S. Ct. 1609 (2015). We affirm.

K-9 officer Morgan Struble stopped Rodriguez for a traffic violation and issued a written warning. Struble then asked for permission to walk his drug dog around the vehicle. Rodriguez denied consent. After a second officer arrived on the scene, Struble walked the dog around the vehicle. The dog alerted to the presence of drugs approximately seven or eight minutes after Struble had issued the warning. A search of the vehicle revealed methamphetamine.

Rodriguez was charged with possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. He moved to suppress the evidence of drug trafficking, arguing that the delay from the time Struble had issued the written warning until the dog indicated the presence of drugs was an unreasonable seizure. The magistrate judge recommended that the motion be denied. Applying United States v. $404,905.00 in U.S. Currency, 182 F.3d 643, 648-49 (8th Cir. 1999), and the cases that followed it, the magistrate judge concluded that the delay did not violate the Fourth Amendment because it was a *de minimis* intrusion on Rodriguez's personal liberty. See, e.g., United States v. Alexander, 448 F.3d 1014, 1016-17 (8th Cir. 2006); United States v. Martin, 411 F.3d 998, 1002 (8th Cir. 2005); United States v. Morgan, 270 F.3d 625, 631-32 (8th Cir. 2001). The district court reached the same conclusion, agreeing that "the total elapsed time is similar to the times found constitutional by the Eighth Circuit." D. Ct. Order of Aug. 30, 2012, at 4. After the motion was denied, Rodriguez entered into a conditional guilty plea and thereafter appealed the denial of the motion to suppress.

Applying $404,905.00 in U.S. Currency and its progeny, we held that Rodriguez's Fourth Amendment right to be free from unreasonable seizures was not violated:

> The resulting seven- or eight-minute delay is similar to the delay that we have found to be reasonable in other circumstances. See Morgan, 270 F.3d at 632 ("We do not believe that the few minutes difference between the time in this case and $404,905 has constitutional significance."). We thus conclude that it constituted a *de minimis* intrusion on Rodriguez's personal liberty.

Rodriguez, 741 F.3d at 907-08. The Supreme Court granted certiorari to decide "whether police routinely may extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff." Rodriguez, 135 S. Ct. at 1614. The Court held "that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." Id. at 1612. The Court then vacated our judgment and remanded the case to us for further proceedings. On remand, Rodriguez argues that the evidence of drug trafficking must be suppressed as evidence obtained by way of a Fourth Amendment violation.

In Davis v. United States, 131 S. Ct. 2419, 2423-24 (2011), the Supreme Court held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." When Rodriguez's vehicle was stopped in March 2012, the law of this Circuit provided that a brief delay to employ a drug dog did not constitute an unconstitutional seizure, as long as the traffic stop was not unreasonably prolonged. We thus "repeatedly [had] upheld dog sniffs that were conducted minutes after the traffic stop concluded." Rodriguez, 741 F.3d at 907. The magistrate judge, the district court, and this court all determined that the seven- or eight-minute delay in this case constituted a *de minimis* intrusion on Rodriguez's personal liberty and that Rodriguez's seizure was lawful under our then-binding precedent. Under Davis, therefore, the exclusionary rule does not apply

-3-

Appellate Case: 13-1176     Page: 3     Date Filed: 09/03/2015 Entry ID: 4313152

because the circumstances of Rodriguez's seizure fell squarely within our case law and the search was conducted in objectively reasonable reliance on our precedent.[2]

Rodriguez argues that "the Supreme Court [in Davis] never intended to withhold the remedy of exclusion from defendants who secure a favorable Fourth Amendment decision in the Supreme Court." Appellant's Suppl. Br. 9. The dissent in Davis also raised this issue, asking why a defendant would seek to overturn precedent of the courts of appeals. "After all, if the (incorrect) circuit precedent is clear, then even if the defendant wins (on the constitutional question), he loses (on relief)." Davis, 131 S. Ct. at 2438 (Breyer, J., dissenting). The majority dismissed this concern, concluding that "a good-faith exception for objectively reasonable reliance on binding precedent will not prevent review and correction of such decisions," because "defendants in jurisdictions in which the question remains open will still have an undiminished incentive to litigate the issue." Id. at 2433.

The judgment is affirmed.

_____

---

[2]Rodriguez contends that the government waived any argument that the good-faith exception to the exclusionary rule should apply. Ordinarily, we do not consider arguments raised for the first time on appeal. See United States v. Sager, 743 F.2d 1261, 1263 n.4 (8th Cir. 1984) (stating the general rule and then considering an argument raised for the first time in the government's petition for rehearing). But here, the government advanced the Davis argument in support of the district court's judgment, and Rodriguez had a full and fair opportunity to address in his supplemental brief whether Davis should apply. "We review judgments, not opinions, and we may affirm a judgment on any ground supported by the record, whether or not that ground was urged below or passed on by the District Court." Sager, 743 F.2d at 1263 n.4 (applying the good-faith exception to the exclusionary rule on rehearing).